IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GEORGE RICHARDS, )
)
Plaintiff, )
)
v. ) Civ. No. 13-2092-SLR
)
ELIZABETH JONES, et al., )
)
Defendants. )

**MEMORANDUM**

1. **Introduction**. Plaintiff George Richards ("plaintiff"), an inmate at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3)

2. **Standard of Review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Allegations in the Complaint**. Plaintiff alleges that he has lived with pain for the past two years. When plaintiff began his incarceration on September 29, 2011, he informed medical staff that he had a hernia and mental health issues. On January 10, 2012, plaintiff aggravated his injury while performing his prison job duties. He was seen by defendant nurse practitioner Richard Catts ("Catts"). Catts ordered plaintiff a hernia belt and pain medication. Catts informed plaintiff that Correct Care Solutions ("CCS") would not approve a hernia operation because it was "cosmetic." Catts informed plaintiff that if he wanted any medical treatment, other than the hernia belt and pain medication, he would have to submit a medical grievance.

7. Plaintiff submitted a grievance for a hernia repair. It was denied at the first level as cosmetic surgery, and plaintiff was told the hernia would not be repaired even if he was in pain. At the second level, defendant director of nurses Mary Tolson ("Tolson") agreed with plaintiff and referred him to see a physician. The physician denied plaintiff surgery "on the same grounds as before" and plaintiff submitted another grievance.

8. Defendant nurse practitioner Elizabeth Jones ("Jones") heard the grievance and, again, plaintiff was denied treatment. The grievance was appealed to medical bureau chief James Welch ("Welch"), and he denied plaintiff's appeal. Plaintiff also sues defendant medical director Jill Mosser ("Mosser") as she "oversees" Jones, Tolson, and Catts.

9. **Respondeat Superior**. Mosser is named as a defendant because she overs nurse practitioners Jones and Catts and director of nurses Tolson. The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (unpublished) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Rode v. Dellarciprete*, 845 F.2d at 1207).

10. Personal involvement is an essential element of a civil-rights action. *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). Individual liability can only be imposed if the state actor played an "affirmative part" in the conduct complained of. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and

acquiescence" in the challenged practice. *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). "In a § 1983 suit . . . masters do not answer for the torts of their servants." *Iqbal*, 556 U.S. at 676-77. The mere assertion "that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did" is insufficient to establish liability. *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d cir. 1989).

11. Plaintiff provides no specific facts how Mosser violated his constitutional rights, that she expressly directed the deprivation of his constitutional rights, or that she created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. Therefore, the court will dismiss the claims against Mosser as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

12. **Medical Needs**. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

13. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (unpubished) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107.

14. Plaintiff fails to state actionable constitutional claims against Catts and Tolson. Catts provided medical care to plaintiff and Tolson referred plaintiff to a physician to receive care. Conversely, plaintiff has stated claims against Jones and Welch when liberally construing the allegations, as the court must. Hence, plaintiff will be allowed to proceed against Jones and Welch.

15. **Conclusion**. For the above reasons, the claims against Tolson, Catts, and Mosser will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff will be allowed to proceed against Jones and Welch. A separate order shall issue.

UNITED STATES DISTRICT JUDGE