IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE RICHARDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 13-2092-SLR ) |
| ELIZABETH JONES, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Background.** Plaintiff George Richards ("plaintiff"), a prisoner incarcerated at the Sussex Correctional Institution, Georgetown, Delaware, filed a letter/motion for injunctive relief on September 8, 2014 seeking medical care. (D.I. 29) On September 11, 2014, the court ordered defendants to respond to the motion. Medical defendants Correct Care Solutions ("CCS") and Elizabeth Jones ("Jones") (together "medical defendants") filed an opposition to the motion. (D.I. 36) State defendant James Welch ("Welch") did not.

2. **Standard.** A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. See *NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible

under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. **Discussion.** Plaintiff was taken to an "outside" physician who determined that plaintiff needed a hernia repair. Plaintiff was led to believe that he would undergo surgery. To date, the surgery has not been performed. Plaintiff submitted a medical report prepared by Dr. Clara Marie Higgins ("Dr. Higgins"), after she examined plaintiff on May 29, 2014. (D.I. 39) Examination revealed a 4 x 4 cm reducible umbilical hernia. Dr. Higgins recommended an umbilical hernia repair and discussed alternatives to surgery with plaintiff. Plaintiff signed an informed consent, and the report states that "elective surgery will therefore be planned accordingly." Dr. Higgins indicated that plaintiff was to return for blood work and an EKG before the surgery date. From the exhibits submitted by plaintiff, it appears that the request for approval of the surgery was denied by the on-site medical provider. Plaintiff submitted a grievance over the issue, and Welch denied the grievance on August 25, 2014. Plaintiff seeks an order for defendants to have the surgery performed.

4. Medical defendants respond that plaintiff has lived with the hernia condition for three years without substantial or unnecessary suffering. They note that plaintiff

2

failed to submit evidence in support of the surgery at issue, most notably no surgeon's report or records that indicate the hernia condition is serious. Plaintiff had not submitted Dr. Higgins' report when medical defendants filed their opposition. Finally, the medical defendants note that, as of June 30, 2014, CCS no longer provides medical care to inmates incarcerated in Delaware prisons.

5. Plaintiff has not demonstrated the likelihood of success on the merits. The hernia condition has existed for some time yet there is no indication that, at the present time, plaintiff is in danger of suffering irreparable harm. Dr. Higgins describes the surgery as "elective" and provided plaintiff alternatives to the surgery. Finally, CCS no longer provides medical care to inmates held at Delaware prisons. The court finds that plaintiff has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

6. **Conclusion.** For the above reasons, the court will deny the motion for a preliminary injunction. (D.I. 29) A separate order shall issue.

Dated: October 29, 2014

UNITED STATES DISTRICT JUDGE

3